# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 18-cv-00632-REB-NYW

BLUSKY RESTORATION CONTRACTORS, LLC,

    Plaintiff,

v.

WHITMAN-GREENHILL, LLC,

    Defendant.

## ORDER OF REMAND

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion for Remand** [#12][1] filed April 9, 2018. The defendant filed a response [#18], and the plaintiff filed a reply [#23]. I grant the motion.

## I. JURISDICTION

Putatively, I have subject matter jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), an action filed in state court may be removed to federal district court if the action is one over which the district court would have had original jurisdiction. Title 28 U.S.C. § 1447 provides for post-removal procedures, including procedures applicable to a motion for remand to state court. When the basis

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

of removal allegedly is diversity of citizenship, the parties must be completely diverse and the amount in controversy must exceed $75,000, exclusive of interest, costs, and attorney's fees. **See** 28 U.S.C. § 1332. The party invoking diversity jurisdiction bears the burden of proving the existence of compete diversity by the preponderance of the evidence. **See Middleton v . Stephenson**, 749 F.3d 1197, 1200 (10th Cir. 2014). Complete diversity means each plaintiff must be diverse from each defendant. **Newman–Green, Inc. v. Alfonzo – Larrain**, 490 U.S. 826, 829 & n. 1(1989).

The issues concerning remand in this case implicate the interpretation of the interrelated provisions of three contracts between the parties. For the reasons discussed below, I find and conclude that New Jersey law is applicable. Under New Jersey law, the interpretation of the terms of a contract is "decided by the court as a matter of law unless the meaning is both unclear and dependent on conflicting testimony." **Bosshard v. Hackensack Univ. Med. Ctr.**, 345 N.J.Super. 78, 92 (App.Div. 2001). The contract must be interpreted as a whole and the "terms of the contract must be given their 'plain and ordinary meaning.'" **Nester v. O'Donnell**, 301 N.J.Super. 198, 210 (App.Div. 1997). The court should interpret contract terms "to avoid ambiguities, if the plain language of the contract permits." **Stiefel v. Bayly, Martin and Fay of Conn., Inc.**, 242 N.J.Super. 643, 651 (App.Div.1990).

### III. BACKGROUND

In July 2017, the plaintiff, BluSky Restoration Contractors, LLC, contracted with Weyerhaeuser to perform remediation work on 917 homes in nine states. As part of this work, BluSky entered into a series of agreements with the defendant, Whitman-Greenhill, LLC (WG), for management and labor on some of these homes. According

2

to BluSky, WG provided construction management services related to 376 homes in eight states. In addition, WG provided labor on a subset of those homes.

In this suit, BluSky seeks to resolve a dispute about the amount of payments due to WG from BluSky. BluSky filed its Complaint [#4] in the District Court for the Eighteenth Judicial District of the State of Colorado, also known as the District Court, Arapahoe County, Colorado. WG removed the case to this court, asserting that this federal district court has diversity jurisdiction over the case. BluSky does not dispute that the prerequisites for diversity jurisdiction are present. However, in its motion to remand [#12], BluSky contends this case must be remanded to the state district court because a forum selection clause in a contract between the parties requires the parties to resolve this dispute in the District Court, Arapahoe County, Colorado.

BluSky and WG entered into three separate but related contracts concerning the work performed by WG for BluSky:

> (1) Contract #1 - August 23, 2017 - This contract, the Consulting Services Agreement [#12-3], contains a New Jersey choice of law clause and a New Jersey forum selection clause;
>
> (2) Contract #2 - August 25, 2017 - This contract, the Subcontract Agreement [#12-4], contains a Colorado choice of law clause and a Colorado forum selection clause; and
>
> (3) Contract #3 - November 6, 2017 - This contract, the Amendment [#12-5], contains a New Jersey choice of law clause and no forum selection clause.

The interrelationship of the terms of these three contracts determines which, if either, of the two forum selection clauses is applicable to this case.

Contract #1 provides:

This Agreement shall be governed by the laws of the State of New Jersey, and any disputes to be adjudicated hereunder shall be submitted to the

jurisdiction of the state and/or federal courts sitting in the State of New Jersey;, (*sic*) New Jersey the (*sic*) having subject matter jurisdiction thereof.

*Contract #1* [#12-3], p. 9.

Contract #2, which was singed by WG two days after Contract #1 was signed, provides:

> All disputes between BluSky and Subcontractor [WG] shall be resolved through the Colorado Courts. Colorado law shall apply exclusively and Venue for all proceedings shall be Arapahoe County, Colorado. The parties acknowledge, consent, and submit to the personal jurisdiction of the Colorado courts. . . .

*Contract #2* [#12-4], p. 1. In addition, Contract #2 provides:

> In the event of an ambiguity, contradiction, or competing term, condition, or provision between this Subcontract Agreement [Contract #2] and . . . any other agreement, this Subcontract Agreement [Contract #2] shall control and govern to the exclusion of all other documents.

*Id*.

Contract #3, executed on November 6, 2017, says the parties entered into Contract #3 "to clarify the coordination of the Agreements [Contract #1 & Contract #2] and amend certain provisions thereof as follow:" *Contract #3* [#12-5], p. 1. Contract #3 provides that Contract #1 and Contract #2 remain in full force and effect, except as specifically modified by Contract #3.

> Except as otherwise specifically stated herein, the Agreements [Contract #1 & Contract #2] remain in full force and effect with the terms, covenants and conditions of each Agreement hereby ratified by the Parties. Except as specifically provided herein, this Amendment shall not modify any term of the Consulting Agreement [Contract #1], the Subcontract Agreement [Contract #2] or the obligations of BluSky and WG thereunder.

*Contract #3* [#12-5], p. 4, ¶ 16. In addition, Contract #3 provides: "In the event of a conflict between the terms of this Amendment [Contract #3] and the other terms of the

4

Consulting Agreement [Contract #1] or the Subcontract Agreement [Contract #2], the terms of this Amendment [Contract #3] shall control." *Contract #3* [#12-5], p. 4, ¶ 17.f.

Finally, on the topic of choice of law, Contract #3 provides:

This Amendment [Contract #3] shall be governed by, and construed in accordance with, the laws of the State of New Jersey.

*Contract #3* [#12-5], p. 4, ¶ 17.c. Contract #3 says nothing about an agreed venue or forum for any lawsuit between the parties.

### IV. ANALYSIS

Contract #3 provides that Contract #1 and Contract #2 remain in full force and effect and the parties ratify Contact #1 and Contract #2, except as modified by Contract #3. *Contract #3* [#12-5], p. 4, ¶ 16. Contract #3 provides that Contract #3, and the incorporated Contract #1 and Contract #2, shall be governed by, and construed in accordance with, the laws of the State of New Jersey. *Contract #3* [#12-5], p. 4, ¶ 17.c. That provision of Contract #3 modifies the choice of law provision of Contract #2, which provides that Colorado law governs. Thus, on the issue of choice of law, Contract #3 governs. When the terms of Contract #3 conflict with the terms of Contract #1 or Contract #2, Contract #3 controls. *Contract #3* [#12-5], p. 4, ¶ 17.f. Thus, New Jersey law governs any dispute under the contracts.

However, Contract #3 says nothing about an agreed venue or forum for a lawsuit between the parties concerning the contracts. As a result, the choice of venue provision of Contract #2 remains in effect. "All disputes between BluSky and Subcontractor [WG] shall be resolved through the Colorado Courts." *Contract #2* [#12-4], p. 3. "Venue for all proceedings shall be Arapahoe County, Colorado. The parties acknowledge, consent, and submit to the personal jurisdiction of the Colorado courts. . .

5

." *Id.* The forum selection clause of Contract #2 controls over the contrary forum selection clause of Contract #1 because the terms of Contract #2 "shall control and govern to the exclusion of all other documents" if the terms of Contract #2 conflict with the terms of Contract #1. *Contract #2* [#12-4], p. 1.

Given the mandatory language of the forum selection provision of Contract #2 and the fact that it covers "(a)ll disputes between BluSky and Subcontractor [WG]," I find and conclude that the forum selection clause of Contract #2 is mandatory. **See K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")**, 314 F.3d 494, 499–500 (10th Cir. 2002) (comparing mandatory and permissive forum selection clauses); **Excell, Inc. v. Sterling Boiler & Mechanical, Inc.**, 106 F.3d 318, 321 (10th Cir. 1997) (describing mandatory versus permissive forum selection clauses). When a party seeks remand from federal court to state court based on a forum selection clause in a contract, remand is proper when the forum selection clause is mandatory. **Excell**, 106 F.3d at 321; **Milk 'N' More, Inc. v. Beavert**, 963 F.2d 1342, 1345–46 (10th Cir. 1992). This is true even when the federal court otherwise has diversity jurisdiction over the case. **Excell**, 106 F.3d at 321. In these circumstances, remand is not appropriate only when the removing party shows the forum selection clause is unfair or unreasonable. *Id*. WG has made no such showing here.

WG claims Contract #3 "eliminated the forum selection provisions" of Contract #1 and Contract #2. *Response* [#18], p. 4. This contention is contrary to the plain language of Contract #3: "Except as specifically provided herein, this [Contract #3] shall not modify any term of [Contract #1, Contract #2] or the obligations of BluSky and WG thereunder." *Contract #3*, p. 4, ¶ 16. Contract #3 contains no language

concerning forum selection, including amendment of the forum selection clause of Contract #2.

WG claims "there is absolutely no evidence that the parties intended for the Colorado forum-selection clause in [Contract #2] to supersede the New Jersey forum-selection clause in [Contract #1]." *Response* [#18], p. 5. The language of the contracts is the best and most direct evidence of the intentions of the parties. The plain language of Contract #2 and Contract #3, detailed above, shows that the parties intended for the forum selection clause of Contract #2 to remain in effect. Contract #3 amends certain provisions of Contract #1 and Contract #2. Contract #3 does not address forum selection. "Except as specifically provided herein, this [Contract #3] shall not modify any term of [Contract #1, Contract #2] or the obligations of BluSky and WG thereunder." *Contract #3* [#12-5], p. 4, ¶ 16. This unambiguous language of Contract #3 leaves in place the unambiguous and mandatory forum selection clause of Contract #2. The other arguments of WG concerning interpretation of the contracts are unavailing.

## V.  CONCLUSION & ORDERS

With regard to forum selection, the language of the three contracts between the parties is unambiguous. Applying the plain and ordinary meaning of the relevant contract language, the forum selection clause of Contract #2 controls. The mandatory forum selection clause of Contract #2 requires the parties to resolve this dispute "through the Colorado Courts." *Contract #2* [#12-4], p. 1. "Venue for all proceedings shall be Arapahoe County, Colorado." *Id*. Given this mandatory forum selection clause, this case must be remanded to the District Court, Arapahoe County, Colorado.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Remand** [#12] is granted;

2. That under 28 U.S.C. § 1447, this case is remanded to the District Court, Arapahoe County, Colorado (where it was filed originally as Case No. 2018CV30260); and

3. That **Whitman - Greenhill, LLC's Motion To Transfer this Matter To The District of New Jersey** [#15] is denied as moot.

Dated August 10, 2018, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge